THE STATE OF NORTH CAROLINA v. JAMES MONROE BOONE

No. 727SC687

(Filed 25 October 1972)

1. **Automobiles § 114— manslaughter trial — failure to instruct on proximate cause — prejudicial error**

    In a prosecution for manslaughter arising from the death of two individuals in an automobile collision involving defendant, the trial court committed prejudicial error in failing to require the jury to find that defendant's manner of driving was a proximate cause of the collision.

2. **Automobiles § 114; Homicide § 23— manslaughter trial — crossing yellow line on highway — failure to explain the law relating to the facts**

    The trial court's instruction in a manslaughter case that the jury should find defendant guilty if it found beyond a reasonable doubt that defendant "intentionally or recklessly . . . drove an automobile across the center line at a point where the law prohibited driving across the center line" constituted prejudicial error in that it failed to explain to the jury where and under what circumstances it is unlawful to drive an automobile across the center line, and thus allowed the jury to speculate.

APPEAL by defendant from *Tillery, Judge,* 31 May 1971 Session of Superior Court held in NASH County.

Defendant was tried upon two charges of involuntary manslaughter. Both deaths resulted from the same automobile collision and the two charges were consolidated for trial.

The State's evidence tended to show that police officers of the City of Rocky Mount undertook to stop the car defendant was driving, a white 1966 Dodge, but that defendant accelerated

and tried to elude them. A high speed chase through parts of Rocky Mount was followed by a high speed chase on the old highway from Rocky Mount to Nashville. During the course of the chase defendant ran through stop signs, skidded out of the street, drove on the left side of the roadway, and at times exceeded a speed of one hundred miles per hour.

As defendant was driving east on the old Nashville Road the scene was described by the pursuing officer as follows:

"We proceeded down that road to approximately two and a half to three miles. At that point, went around a little curve, dip, the defendant on the left-hand side of the road, I saw headlights go straight up in the air. When that happened, the defendant was driving to the left-hand side of the road, straddling the center line. I slammed on brakes, jerked the patrol car to the right and saw a Buick come rolling directly down the center of the highway; two people fell out of the automobile. I slowed the patrol car, radioed to the car behind me to stop and render assistance. I continued my direction of travel and some eighth to a quarter of a mile further down the road, I found the Dodge laying (sic) on the left ditch bank, up on its right side, the engine still revving . . . . At the time I observed the defendant drive around the curve straddling the center line, in my opinion, his motor vehicle was being driven approximately seventy-five to eighty miles per hour, the speed limit being fifty-five on that particular highway."

It was stipulated that two of the occupants of the Buick automobile died as a result of injuries received in the collision.

The jury found defendant guilty on both counts of involuntary manslaughter and judgments imposing active prison sentences were entered. Defendant appealed the two manslaughter cases.

*Attorney General Morgan, by Assistant Attorney General Melvin, for the State.*

*Battle, Winslow, Scott & Wiley, by Samuel S. Woodley, for the defendant.*

BROCK, Judge.

[1] Defendant assigns as error that the trial judge failed to require the jury to find that defendant's conduct was a proximate cause of the collision.

In defining involuntary manslaughter the trial judge correctly stated that the death must be the natural and probable result of an act of the defendant. Also, in defining culpable negligence the trial judge correctly stated that it must be such recklessness or carelessness, proximately resulting in injury or death, that imports a heedless indifference to the rights and safety of others.

As noted above in the statement of facts, defendant stipulated that each deceased died as a result of injuries received in the collision. However, this is not a stipulation that defendant's conduct was a proximate cause of the collision. Nevertheless, the trial judge treated the stipulation as a stipulation that defendant's conduct was the proximate cause of the collision, and that the collision was the proximate cause of the deaths of two of the occupants of the Buick automobile. The instructions to the jury were as follows:

> "Now, in this case, gentlemen, the State and the defendant, have stipulated; that is, have agreed, as I have already said, that each of these men came to their death as a result—as a proximate result of a collision between these two automobiles.
>
> "So, the proximate cause of death, so far as the vehicles are concerned, is not a matter that you must concern yourself with. But, you must concern yourself with whether or not the defendant was operating that motor vehicle at the time of the collision.
>
> "And, to that extent, you are concerned with proximate cause of death. If you find from the evidence and beyond a reasonable doubt, the burden being upon the State to so satisfy you, that at the time of the collision between these two vehicles, the defendant, Mr. Boone, was operating this 1966 Dodge, then you would have no further concern with the proximate cause of the death of whichever man you would be thinking about at the time you are deliberating on it."

Clearly, the foregoing instruction required the jury only to find that defendant was operating the Dodge automobile at the time of the collision. It was error prejudicial to defendant for the court to fail to require the jury to find that defendant's manner of driving was a proximate cause of the collision.

[2] Defendant also assigns as error the instructions given by the trial judge with respect to defendant's driving across the center line. The evidence in the case tended to show that, approaching and continuing beyond the accident scene, the highway was marked with a broken white line in the middle enclosed on both sides by a solid yellow line. The trial judge instructed the jury that it should find defendant guilty if it found, beyond a reasonable doubt, that defendant "intentionally or recklessly drove an automobile at a speed in excess of the posted speed, *or drove an automobile across the center line at a point where the law prohibited driving across the center line*" (emphasis added).

The trial judge failed to explain to the jury where and under what circumstances it is unlawful to drive an automobile across the center line. The jury was allowed to speculate. From the phrasing of the instruction it seems that the trial judge had in mind the provisions of G.S. 20-150. However, this statute applies to vehicles overtaking and passing another vehicle traveling in the same direction. In this case, all of the evidence indicates that defendant and the Buick were traveling in opposite directions. Under the evidence presented in this case questions were raised as to whether defendant was violating G.S. 20-146, requiring a vehicle to drive upon the right half of the highway, or G.S. 20-148, requiring vehicles proceeding in opposite directions to pass to the right and yield one-half the roadway to the other. No instructions were given the jury upon the requirements of either of these statutes.

Because of errors in the charge the defendant is entitled to a

New trial.

Judges MORRIS and HEDRICK concur.